IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK H. BRUNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-09-1174-W |
| v. | ) | |
| | ) | |
| JUSTIN JONES, Director,[1] | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing with counsel, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Murder in the First Degree, Possession of a Firearm After Previous Adjudication, and Aggravated Attempting to Elude Officer entered against him in the District Court of Oklahoma County, Case No. CF-2004-3531. Petitioner is serving the sentences imposed for these convictions, including a term of life imprisonment without parole for the murder conviction and two concurrent terms of life imprisonment for the remaining convictions. The

---

[1] Mr. Keith, the Warden of Davis Correctional Facility, a private correctional facility where Petitioner is incarcerated, and Mr. Edmondson, sued in his capacity as the Attorney General of the State of Oklahoma, are dismissed as Respondents. Where the habeas petitioner is presently in custody pursuant to the state judgment being challenged, the state officer having custody of the petitioner is the properly named respondent. Rule 2, Rules Governing § 2254 Cases in the United States District Courts. In this case, Justin Jones, the Director of the Oklahoma Department of Corrections, is the only proper Respondent. Accordingly, Mr. Jones has been substituted as the Respondent in this matter.

matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing as it is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, imposes a one-year period of limitation upon the filing of a habeas corpus petition by a person in custody challenging a state court conviction. 28 U.S.C. § 2244(d)(1).  Petitioner filed this Petition on October 27, 2009, and his Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2]  The time limitation is tolled while "a properly filed application for State post-conviction, or other collateral review with respect to the pertinent judgment or claim, is pending." 28 U.S.C. § 2244(d)(2).

According to Petitioner, his convictions in Case No. CF-2004-3531 were affirmed by

---

[2]None of the alternative circumstances described in § 2244(d)(1) for commencement of the limitation period are applicable to the instant Petition.

the Oklahoma Court of Criminal Appeals ("OCCA") on November 20, 2007. Petition, at 2. These convictions therefore became "final" under 28 U.S.C. § 2244(d)(1)(A) on February 20, 2008, when the time for Petitioner to seek certiorari review in the United States Supreme Court expired.[3] Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until ... 'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000)).  Petitioner therefore had one year beginning February 21, 2008, to file his federal habeas petition commensurate with 28 U.S.C. § 2244(d)(1).  Absent statutory or equitable tolling exceptions, his one-year filing period expired on February 21, 2009, nine months before Petitioner filed the instant Petition. Petitioner did not pursue post-conviction relief in the state courts, and therefore the filing period was not statutorily tolled under 28 U.S.C. § 2244(d)(2).

The one-year limitation period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)."Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[3]See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

3

circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Extraordinary circumstances sufficient to warrant the equitable tolling of the limitation period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978. Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

In ground seven of the Petition, Petitioner asserts that his failure to timely file his habeas Petition should be excused because he was unfamiliar with legal procedures and was never informed by his trial or appellate attorneys of the time limitation set forth in 28 U.S.C. § 2244(d)(1). Petitioner refers to his trial and appellate attorneys' failure to advise him of the statutory limitation period as an "obstacle" that "was not the fault of Petitioner." As justification for the application of equitable tolling principles, Petitioner also relies on the absence of "appreciable delay or harm to the proceedings" in allowing the habeas Petition to be reviewed on its merits as well as a generalized assertion of the "great harm to Petitioner" that would result from the Court's application of the time limitation to bar habeas review of the merits of the Petition.

With respect to Petitioner's assertion that he was not aware of the one-year limitation period or legal procedures in general, "ignorance of the law, even for an incarcerated pro se

prisoner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). With respect to Petitioner's assertion that his Petition was not timely filed because his trial and appellate attorneys failed to advise him of the statutory filing period, such attorney negligence is not an "extraordinary circumstance" warranting equitable tolling. See Fleming v. Evans, 481 F.3d 1249, 1259 (10th Cir. 2007)("Habeas counsel's negligence is not generally a basis for equitable tolling because 'there is no constitutional right to an attorney in state post-conviction proceedings.'")(quoting Coleman v. Thompson, 501 U.S. 722, 752 (1991)). Petitioner has not demonstrated that extraordinary circumstances beyond his control prevented him from timely filing his habeas Petition.

Moreover, equitable tolling "is only available when an inmate diligently pursues his claims ...." Marsh, 232 F.3d at 1220. Petitioner has not shown what, if any, steps he took to diligently pursue his federal claims before the limitation period expired. Therefore, Petitioner is not entitled to equitable tolling, and his Petition should be dismissed on the ground that it is not timely filed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED on the basis that it is not timely filed pursuant to 28 U.S.C. § 2241(d)(1). Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___December 9th___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to

this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __19th__ day of __November__, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE