FILED
DEC 29 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

PATRICK H. BRUNER, )
)
Petitioner, )
)
vs. ) No. CIV-09-1174-W
)
JUSTIN JONES, Director, )
)
Respondent. )

## ORDER

On November 19, 2009, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Patrick H. Bruner be dismissed as untimely filed. Bruner was advised of his right to object, and the matter now comes before the Court on Bruner's Objection to Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. In his Petition,[1] Bruner has challenged his convictions in the District Court of Oklahoma County, Oklahoma, for Murder in the First Degree, Possession of a Firearm After Previous Adjudication and Aggravated Attempt to Elude Officer. State v. Bruner, Case No. CR-2004-3531. Bruner's convictions were affirmed by the Oklahoma Court of Criminal Appeals, Case No. F-2006-407, on November 20, 2007, and pursuant to title 28, section 2244(d)(1)(A) of the United States Code, Bruner's convictions became "final" on February 20, 2008.

---

[1] In his Petition, Bruner has referred to attached exhibits and supporting documents. The record reveals that no exhibits or documents were attached to, or submitted with, the Petition at the time it was filed.

Bruner's Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as amended, and the one-year period provided by AEDPA for seeking federal habeas relief expired on February 21, 2009. The instant Petition filed on October 27, 2009, is therefore time-barred unless Bruner can establish that the limitations period has been tolled.

In reviewing Bruner's papers, the Court finds that Bruner not only is not entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for state post-conviction or other collateral review pending not counted), since Bruner did not pursue post-conviction relief in state court, but also is not entitled to equitable tolling in this instance. Bruner has failed to present any "'extraordinary circumstances,'" Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2005)(quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)); e.g., Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(petitioner only entitled to equitable tolling "'in rare and exceptional circumstances'"), that would justify equitable tolling in this instance. Neither Bruner's arguments, including those based on ineffective assistance of trial and appellate counsel, nor Bruner's authorities cited in his Objection to Report and Recommendation provide a basis that would excuse Bruner's untimeliness in filing the instant action.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 5] issued on November 19, 2009; and

(2) DISMISSES Bruner's Petition as untimely-filed.

ENTERED this 29th day of December, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE